**UNITED STATES of America, Plaintiff,**

v.

**Lee Ann SINGER, Defendant.**
**Crim. A. No. 2200.**

United States District Court,
D. Delaware.

April 4, 1972.

making false entries into statements of the bank in violation of 18 U.S.C. § 1005. She has moved to suppress all evidence seized and statements made during her interrogation by Agent Wedge of the F.B.I. for the reasons that the statements and evidence were obtained in violation of defendant's privilege against self-incrimination and her right to counsel as guaranteed by the Fifth, Sixth [1] and Fourteenth Amendments. An evidentiary hearing upon the motion has been held.

The oral statement defendant seeks to suppress is her admission of her involvement in the bank fraud. The documents to which the motion is directed have been identified as Gx 1, 2 and 3. Gx 1 and 3 are statements signed by defendant purporting to waive her Fifth Amendment right to an attorney and to remain silent. Gx 2 is a Bank of Delaware check register and six checks purportedly drawn by the defendant to the order of cash on her account in the Bank of Delaware. These belong to defendant personally.

Since October 29, 1971, Agent Wedge had been investigating what appeared to be a scheme to defraud the bank. On January 14, 1972, in furtherance of that investigation he interviewed the defendant between 5:38 p. m. and 6:57 p. m. in the office of the bank and in the presence of Samuel T. Brown, a security officer at the bank.

Agent Wedge first identified himself as an F.B.I. agent who was investigating the alleged bank fraud. He then orally advised defendant of her constitutional rights outlined in Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1965), following which he presented to defendant a written statement (Gx 1) of those rights. Wedge asked the defendant to read the documents which she appeared to do. Wedge then asked her to sign a waiver of her constitutional rights which was written at the bottom of the document, and she

---

F. L. Peter Stone, U. S. Atty., and Norman Levine, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Martin A. Schagrin, Wilmington, Del., for defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

STEEL, District Judge:

The defendant, an employee of the Bank of Delaware, has been indicted for

---

1. Insofar as the motion seeks "to suppress all evidence seized" it is based upon the Fourth Amendment and the motion will be so treated. See *infra* p. 139.

did so. Defendant did not ask to speak to a lawyer or to have one furnished to her nor did she express any objection to being interrogated.

Thereafter, Wedge began the interrogation of the defendant in the course of which she orally admitted her involvement in a scheme to defraud the bank. When Wedge asked the defendant whether she had any documents relating to the scheme she said she had some at home and she would furnish them to Wedge at a later date. Some ten minutes later defendant examined her purse and found the items marked Gx 2. Before the documents were produced by the defendant, Wedge testified that he informed her that they were evidence that could be used against her in a court of law. Both Brown and the defendant denied that Wedge had given this advice to the defendant. All three witnesses appear credible. With the evidence in this posture the Court cannot find that Wedge advised the defendant that the documents which she was asked to produce could be used against her.[2]

The defendant is a 19 year old high school graduate. Prior to the interview she had been escorted by the security officer of the bank from one of its branches to another where the interview took place. Defendant was left there unattended in an unsecured room from which she was free to come and go as she pleased. While awaiting the interview she was nauseous and had eaten no lunch, although free to do so. She remained at liberty in the bank from about 9:30 in the morning until the time of her interview at 5:38 in the afternoon. During the interview, she was nervous and upset. When the interview was completed she, proceeded home unattended.

Defendant was not coerced into giving her oral confession. While at the time she was emotionally distraught this probably was due more to a consciousness of her guilt than other psychological factors. She was aware of her Fifth Amendment rights to an attorney and against self-incrimination and voluntarily and knowingly waived them before she orally admitted her guilt.

■ Defendant produced the incriminating documents after she had confessed. Apparently she was motivated by a desire to cooperate with the authorities and to make a clean breast of her involvement with the crime. The production of the papers was voluntary and was not the result of coercive pressure either physical or psychological. The Constitution does not protect a person from a search and seizure which has been validly consented to. Government of Virgin Islands v. Berne, 412 F.2d 1055 (3d Cir. 1969), cert. denied, 396 U.S. 837, 90 S.Ct. 96, 24 L.Ed.2d 87.

■ Wedge did not advise defendant of her Fourth Amendment right against unreasonable searches and seizures which, in the absence of a search warrant, constitutionally entitled defendant to withhold production of the documents. Under the law of this Circuit, however, a Fourth Amendment warning was not required. This is so where a search and seizure has been voluntarily consented to even after an arrest provided that the search has been preceded by a Fifth Amendment *Miranda* warning; and where a defendant prior to an arrest or the restraint of his liberty voluntarily produces tangible evidence, a motion to suppress will not lie even though no warning of either Fourth or Fifth Amendment rights has been given. Government of Virgin Islands v. Berne, *supra*. Although United States v. Moderacki, 280 F.Supp. 633 (D.Del.1968) is not referred to in the *Berne* case, the re-

2. Agent Wedge interviewed the defendant a second time on January 19, 1972 in the office of the Delaware Trust Company. Mr. Felton, a bank auditor, and the defendant's father were present. At this time defendant made no implicating oral statement nor produced any documents relating to the crime. What transpired at the interview is therefore irrelevant.

sult in the former cannot be reconciled with that in the latter.[3]

Upon the authority of the *Berne* case the motion to suppress will be denied.

So ordered.

---

3. Parenthetically it may be noted that *Moderacki*, as construed in United States v. Singleton, 439 F.2d 381, 386 (3d Cir. 1971) involved a search incident to an arrest. This, of course, is not true in the instant case.